UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD MILLER                                CIVIL ACTION

VERSUS                                       NO: 06-2334

NATIONWIDE LIFE INSURANCE                    SECTION: "A" (1)
CO.

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 116)** filed by plaintiff Edward Miller. Defendant Nationwide Life Insurance Co. has filed a **Supplemental Memorandum of Law in Support of Its Motion for Summary Judgment on Claim Four (Rec. Doc. 118)**.[1] The motions, set for hearing on June 23, 2010, are before the Court on the briefs without oral argument.

On May 10, 2010, the Court entered an order granting in part and denying in part Nationwide's motion for summary judgment. (Rec. Doc. 109). Miller's sole remaining claim is that Nationwide violated 15 U.S.C. § 77e(b)(2) when it failed to

---

[1] Defendant's submission is not a motion for summary judgment in form. In its order dated May 13, 2010 (Rec. Doc. 112) the Court instructed the parties to file cross motions for summary judgment on the prospectus claim. Defendant instead filed a supplemental memorandum to the motion for summary judgment that the Court previously denied as to the prospectus claim. The Court will treat Defendant's submission as a motion for summary judgment because the clear understanding between the parties was that the final claim would be decided by the Court on cross motions for summary judgment.

1

provide him with its prospectus dated May 1, 2005, until sometime after June 7, 2005.

On June 7, 2005, Miller transferred $1,886,570.83 into a subaccount corresponding to the Federated GVIT High Income Bond Fund ("Federated Bond Fund"). At the time of the transfer, the Federated Bond Fund imposed a short-term trading fee of 1% on any shares redeemed less than 60 days after purchase. On June 14, 2005, Miller transferred the entire Federated Bond Fund account value to another account and this triggered a short-term trading fee. Miller's account value was reduced by the amount of the fee, $18,837.03.

Miller asserts that he was unaware that this fund would charge a short-term trading fee. Miller received neither a paper copy of the May 1, 2005, prospectus for the Best of America annuity ("BOA annuity") nor a paper copy of the May 1, 2005, prospectus for the Federated Bond Fund before he transferred funds into the account on June 7, 2005. (Doc. 115 ¶ 2). Miller received both a paper copy of the BOA annuity prospectus and a paper copy of the Federated Bond Fund prospectus after he ordered the June 7, 2005, transfer. (Id. ¶ 3).

Miller seeks to recover the $18,837.03 redemption fee as an element of damages for Nationwide's failure to comply with 15 U.S.C. § 77e(b)(2). 15 U.S.C. § 77e(b)(2) provides in relevant part:

> It shall be unlawful for any person, directly or indirectly--
>
>> [T]o carry or cause to be carried through the mails or in interstate commerce any such security for the purpose of sale or for delivery after sale, unless accompanied or preceded by a prospectus . . . .

15 U.S.C.A. § 77e(b)(2) (West 2009). 15 U.S.C. § 77l provides a private right of action against those who offer or sell a security in violation of § 77e. 15 U.S.C.A. § 77l (West 2009).

Miller's contention is that pursuant to § 77e Nationwide was required to send him its May 1, 2005, prospectus prior to offering the Federated Bond Fund and that its failure to do so constitutes a violation of the statute. Miller's position suffers from two potentially fatal infirmities. First, the annuity prospectus is the selling document applicable when the annuity contracts themselves are offered for sale. The June 7th transaction did not involve the purchase of the annuity contract itself but rather the transfer of existing money into a subaccount corresponding to the Federated Bond Fund. And to the extent that Miller is suggesting that he should have received the Federated Bond Fund's prospectus prior to the purchase, the statute does not support that contention. Section 77E expressly states that the prospectus can accompany the security being transmitted for delivery after sale. See also Byrnes v. Faulkner, 413 F. Supp. 453, 473 (D.C.N.Y. 1976).

The second problem with Miller's claim is that of causation.

Causation is problematic regardless of which prospectus--BOA annuity or Federated Bond Fund--Miller relies upon for his claim. Section 77e does not purport to establish liability for damages based on a technical violation (assuming *arguendo* that one even exists here) in the absence of causation. Miller does not attest that he even attempted to consult the May 1, 2005, BOA Fund prospectus prior to making the June 7th trade. Had he made such an attempt then he would have immediately realized that his prospectus was more than a year old.[2] Given what Miller knew about the potential for redemption fees it seems that he surely would have taken simple steps either via the internet or phone to verify whether the Federated Bond Fund charged a redemption fee. So Miller either did not attempt to consult the prospectus at all or he made such an attempt, learned that his prospectus was not current, and yet chose to trade $1.8 million dollars in the blind without taking the time to obtain information that should have been readily available from other sources. By 2005 Miller was well-aware of the potential for redemption fees in some of the funds being offered by Nationwide and yet he apparently decided to move a substantial amount of money into the Federated Bond

---

[2] Miller has never contested Nationwide's assertion that he had previously received the May 1, 2004, prospectus. Copies of several BOA annuity prospectuses are included in the exhibits submitted in conjunction with Nationwide's original motion for summary judgment and the date is always clearly indicated on the front of the document.

4

Fund all the while knowing that he had not checked the prospectus or verified the fee policy in any way.[3]

In sum, the Court is persuaded that Miller's reliance on 15 U.S.C. § 77e for recovery of the redemption fee is misplaced.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Supplemental Memorandum of Law in Support of Its Motion for Summary Judgment on Claim Four (Rec. Doc. 118)** filed by defendant Nationwide Life Insurance Co. is **GRANTED;**

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 116)** filed by plaintiff Edward Miller is **DENIED**.

August 9, 2010

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] The Court is of course assuming that Miller did not check the prospectus online or make any attempt to verify the Federated Bond Fund's fee policy. To assume otherwise, the Court would have to conclude that Miller knew about the redemption fee prior to making the trade but chose to invest in the fund anyway.